UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0224 (WMW/LIB) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Andrew James Neadeau (5), | |
| Defendant. | |

---

This matter is before the Court on the June 22, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 116.) The R&R recommends denying Defendant Andrew James Neadeau's motion to suppress evidence obtained pursuant to a search warrant executed on April 22, 2020. Neadeau filed objections to the R&R, and Plaintiff United States of America responded. For the reasons addressed below, the Court overrules Neadeau's objections and adopts the R&R.

## BACKGROUND[1]

On April 22, 2020, Red Lake Drug Task Force Officer James D. Veit (Officer Veit) applied for a warrant to search a residence located in the Red Lake Indian Reservation (the Residence). In the affidavit filed in support of the search warrant, Officer Veit attests that he received information from a concerned citizen regarding a series of drug sales that resulted in two overdoses. Officer Veit also attests that a confidential informant told him

---

[1] The relevant factual and procedural background is addressed in detail in the R&R and is not repeated at length here.

that Neadeau was selling fentanyl-laced pills and that a concerned citizen informed him that Neadeau resides at the Residence.

On April 22, 2020, a Red Lake Nation Tribal Court judicial officer (Red Lake judicial officer) determined that probable cause existed to support the issuance of the April 22, 2020 search warrant. The search warrant authorized the search of the Residence for controlled substances and items or records associated with the possession and distribution of controlled substances.

Neadeau moves to suppress the evidence obtained during the search of the Residence, arguing that the search warrant was not supported by probable cause. The R&R recommends denying Neadeau's motion.

**ANALYSIS**

Neadeau objects to the magistrate judge's recommendation to deny his motion to suppress on two grounds. First, he argues that the search warrant affidavit failed to establish a nexus between the criminal activity and the Residence. Second, he argues that the *Leon* good-faith exception to the exclusionary rule does not apply to the search of the Residence. The Court reviews Neadeau's objections de novo. *See* 28 U.S.C. § 636(b)(1)(C); *accord* LR 72.2(b)(3).

**I.     Sufficient Nexus**

Neadeau argues that the evidence seized during the search of the Residence must be suppressed because the search warrant application fails to establish a nexus between the alleged criminal activity and the Residence. The United States contends that there was probable cause for the search of the Residence.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Evidence obtained during a search or seizure conducted in violation of the Fourth Amendment must be suppressed. *Segura v. United States*, 468 U.S. 796, 804 (1984).

The Fourth Amendment requires search warrants to be supported by probable cause. U.S. Const. amend. IV; *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir. 2002). To determine whether probable cause exists, a detached and neutral judge must make a "practical, common-sense decision" as to whether there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The test for probable cause cannot be reduced to "precise definition or quantification." *Florida v. Harris*, 568 U.S. 237, 243 (2013) (internal quotation marks omitted). When a judge issuing the search warrant relies solely on a search warrant affidavit, only the information "within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (internal quotation marks omitted). An affidavit "establishes probable cause for a warrant if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States v. Mutschelknaus*, 592 F.3d 826, 828 (8th Cir. 2010) (internal quotation marks omitted). A court reviewing the issuing judge's probable cause determination owes that determination substantial deference. *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996).

The R&R concludes that Officer Veit's affidavit supports the Red Lake judicial officer's determination of probable cause. Officer Veit's affidavit provides that a confidential informant, who previously provided reliable information to law enforcement, told Officer Veit "that Andrew Neadeau is selling Fetanyl laces [sic] 30s (Perc 30s)."[2] The affidavit also provides that a concerned citizen showed Officer Veit messages reflecting that Tara Lussier, Neadeau's co-defendant, also was engaged in selling "Perc 30s." Those messages indicated that Lussier sold Perc 30s to co-defendant David Jourdain, who subsequently sold the Perc 30s to two overdose victims. In addition, the affidavit provides that a concerned citizen informed Officer Veit that "Andrew Neadeau and Tara Lussier are in a relationship with each other" and "that they reside at" the Residence. This information is sufficient "to establish that there [was] a fair probability that contraband or evidence of criminal activity [would] be found" inside the Residence. *Mutschelknaus*, 592 F.3d at 828 (internal quotation marks omitted).

Neadeau argues that Officer Veit's affidavit fails to establish probable cause because it does not allege any connection between the Residence and the criminal activity. Even though the affidavit does not allege that drug sales occurred inside the Residence, the Red Lake judicial officer could have reasonably inferred from the facts in the affidavit that, if Neadeau and Lussier were selling drugs, they likely kept evidence of drug distribution inside the Residence. *See, e.g.*, *United States v. Caswell*, 436 F.3d 894, 899 (8th Cir. 2006)

---

[2]   "Perc 30s" is the street name for 30-milligram Percocet pills. *See United States v. Lara*, 970 F.3d 68, 79 (1st Cir. 2020); *Love v. Warden*, No. 2:16-cv-19, 2017 WL 1295467, at *1 (S.D. Ohio Apr. 7, 2017).

(recognizing that "because magistrates are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense, magistrates can infer, in the case of drug dealers, that evidence is likely to be found where the dealers live" (internal quotation marks omitted)). The affidavit provides evidence that two alleged drug traffickers, Neadeau and Lussier, lived at the Residence. Therefore, it was reasonable for the Red Lake judicial officer to infer that there was "a fair probability that contraband or evidence of criminal activity [would] be found" inside the Residence. *Mutschelknaus*, 592 F.3d at 828 (internal quotation marks omitted).

According to Neadeau, assuming that "someone who is alleged to be involved in drug activity will have drugs in their home runs afoul of United States Supreme Court precedent." In support of this argument, Neadeau relies on *Richards v. Wisconsin*, 520 U.S. 385 (1997). In *Richards*, the Supreme Court of the United States held that the Fourth Amendment does not permit a blanket exception to the knock-and-announce requirement for searches involving drug trafficking. 520 U.S. at 395. The *Richards* Court reasoned that an individualized analysis for each case is required and that "it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock-and-announce requirement." *Id.* at 394. Although the *Richards* Court held that a blanket exception is impermissible, it upheld the execution of a no-knock warrant in that case based on the particular facts of the search. *Id.* at 395. *Richards* addresses the need for sufficient facts to forgo the Fourth Amendment knock-and-announce requirement. *Richards* does not address what facts are needed to establish a sufficient nexus to support probable cause.

Neadeau attempts to extend the ruling in *Richards* to the facts of this case. Neadeau argues that the practice of assuming drug traffickers keep drugs and drug paraphernalia in their homes creates an unconstitutional blanket exception to the nexus requirement of a search warrant. The facts in this case are distinguishable from the blanket exception rejected by the Supreme Court in *Richards*, however. The Red Lake judicial officer did not rely on a blanket exception allowing for the search of all residences of all alleged drug traffickers. Instead, the Red Lake judicial officer relied on information in Officer Veit's affidavit, which was sufficient to establish probable cause for a search of the Residence. Because the Red Lake judicial officer performed an individualized analysis based on the facts of this case, *Richards* is inapposite. *See also LaMorie*, 100 F.3d at 552 (holding that a court reviewing the issuing judge's probable cause determination owes that determination substantial deference). The law permits a court to rely on a reasonable inference that drug traffickers may have drugs and drug paraphernalia in their residences. *See, e.g.*, *Caswell*, 436 F.3d at 899.

Because Officer Veit's affidavit provides sufficient information to establish a nexus between the evidence that was searched for and the Residence that was searched, the magistrate judge correctly concluded that probable cause existed to support the April 22, 2020 search warrant. Neadeau's objection on this basis is overruled.

## II. *Leon* Good-Faith Exception

Neadeau also argues that the *Leon* good-faith exception is inapplicable here. The *Leon* good-faith exception applies only if the Court finds that the affidavit in support of the search warrant was not sufficient to establish probable cause. *See United States v. Leon*,

468 U.S. 897, 920–22 (1984) (holding that evidence obtained as the result of the execution of a search warrant unsupported by probable cause may nonetheless be admissible when the police, "acting with objective good faith," conducted the search in "objectively reasonable reliance" on the invalid warrant). Because Officer Veit's affidavit contains sufficient facts to support probable cause, the Court need not address the applicability of the *Leon* good-faith exception. Accordingly, Neadeau's objection as to the applicability of the *Leon* good-faith exception is overruled.

### III.   Clear-Error Review

Finally, because Neadeau does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having carefully performed this review, the Court finds no clear error and adopts the R&R.

### ORDER

Based on the R&R and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Andrew James Neadeau's objections to the June 22, 2021 R&R, (Dkt. 118), are **OVERRULED**.

2. The June 22, 2021 R&R, (Dkt. 116), is **ADOPTED**.

8

3. Neadeau's motion to suppress evidence obtained pursuant to the execution of a search warrant, (Dkt. 79), is **DENIED**.

Dated: August 19, 2021                              s/Wilhelmina M. Wright
                                                                                      Wilhelmina M. Wright
                                                                                      United States District Judge